IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION



KAREN DRAKE,
on behalf of herself and
all other similarly situated,

    Plaintiff,

v.                                 CIVIL ACTION NO.: 5:18-cv-302-OC-30PRL

                                    JURY TRIAL DEMANDED

CENTRAL FLORIDA
GAMING, LLC, d/b/a
Oxford Downs Poker Room,

    Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff Karen Drake ("Plaintiff"), on behalf of herself and all others similarly situated, by and through the undersigned counsel, hereby brings this Complaint against Defendant, Central Florida Gaming, LLC d/b/a Oxford Downs Poker Room ("Defendant") and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an adult female citizen of the State of Florida and a resident of Florida.

2. Defendant is a Florida corporation organized and existing under the laws of Florida with its principal place of business located in Marion County Florida.

1

3. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1337, and the Fair Labor Standards Act ("FLSA").

4. This Court has authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. The allegations of this Complaint involve acts and occurrences while Plaintiff was employed by Defendant in Marion County, Florida.

6. Venue is proper within the United States District Court for the Middle District of Florida, Ocala Division pursuant to 28 U.S.C. § 1391(b).

## COVERAGE

7. At all times material hereto, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r), (s).

8. At all times material hereto, Defendant was Plaintiff's "employer", as that term is defined by 29 U.S.C. § 203(d).

9. At all times material hereto, Defendant was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1).

10. At all times material hereto, Defendant was engaged in interstate commerce via operation of its poker rooms, gambling operation (including simulcasts of dog/horse races), and an operation of a sports bar.

11. At all times material hereto, Defendant is believed to have had an annual gross volume of sales made or business done of over $500,000.00, and employed two or more employees.

## **FACTUAL ALLEGATIONS**

12. Plaintiff was employed by Defendant in their poker cage beginning on or about May 22, 2016 until she was terminated on or about May 21, 2018.

13. Plaintiff's primary duties and responsibilities while employed by Defendant included cashier-type activities in the poker cage such as doing chip exchanges and cashing tickets.

14. At all times relevant herein, Plaintiff was considered a non-exempt employee, and Defendant specifically designated Plaintiff as non-exempt.

15. At all times relevant herein, Defendant agreed to pay Plaintiff an hourly rate plus ten percent of all tips from a tip pool consisting of tips given to various people.

16. Plaintiff, and the other persons who may opt into this lawsuit, were included in Defendant's tip pool and shared their tips with one another. Defendant did not include those tips in determination of their regular rate for overtime purposes.

17. At all times material, Letonge Bell was a Cage Supervisor for Defendant; she was also Plaintiff's supervisor.

18. Ms. Bell hired and fired people, set schedules, and performed evaluations, among other supervisory duties.

19. 29 CFR 531.60 provides in part that "Any tips received by the employee in excess of the tip credit need not be included in the regular rate. Such tips are not payments made by the employer to the employee as remuneration for employment

3

within the meaning of the Act." Moreover, an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

20. In April 2018, Plaintiff complained to Defendant via its Human Resources officer (Monica Harper) that she believed Ms. Bell was being illegally included in the tip pool because she is a supervisor (thereby taking tips belonging to Plaintiff and her co-workers).

21. On or about May 21, 2018, without warning or prior write ups, Defendant fired Plaintiff although she had a good working history and evaluations.

22. When Plaintiff asked Defendant for a reason for her termination, Defendant refused to provide one.

23. All conditions precedent and exhaustion of administrative remedies, if any, to this action have been satisfied or waived, and this action is timely filed.

24. Plaintiff expressly consents to the filing of this lawsuit. *See* **Exhibit 1** attached.

## COUNT I

### Violation of the Fair Labor Standards Act – Illegal Tip Pool

25. Plaintiff restates and realleges each and every factual allegation contained in paragraphs 1 through 24 of this Complaint as if set out here in full.

26. Managers and supervisors cannot be included in a valid tip pool; Defendant and its managing agents cannot keep their employee's tips.

27. Section 3(m) of the FLSA provides that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." In the event of a violation, it states that an employer "shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."

28. Because of Defendant's violation of the FLSA, specifically including supervisors such as Ms. Bell in the tip pool, Defendant failed to properly pay Plaintiff (and any opt ins) her wages due because tips were wrongfully provided to Ms. Bell (and any other supervisors) instead.

29. By reason of Defendant's violation of the FLSA, Plaintiff is entitled to recover all amounts provided for pursuant to 29 U.S.C. §§ 207, 216, including but not limited to the proper distribution of tips wrongfully provided to Defendant's supervisors, owners and/or managers.

30. Defendant could not have had a reasonable good-faith belief that it was not violating the FLSA and Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216.

31. As a direct and proximate result of Defendant's willful underpayment of wages, Plaintiff and any opt-ins have been damaged in the loss of wages during her employment with Defendant.

32. Plaintiff has retained the services of The Law Office of Massey & Duffy and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff, and those similarly situated, demands judgment against Defendant for the recovery of all amounts provided for pursuant to 29 U.S.C. §§ 207, 216, including but not limited to the proper distribution of tips wrongfully provided to Defendant's supervisors/managers and/or the sum of any tip credit taken, liquidated damages, or if liquidated damages are not awarded, then pre-judgment interest and post-judgment interest at the highest allowable rate, attorney's fees and costs pursuant to 29 U.S.C. § 216, declaratory relief, and any other relief this Court deems just and proper.

## COUNT TWO

### Violation of the Fair Labor Standards Act – Retaliation

33. Plaintiff restates and realleges each and every factual allegation contained in paragraphs 1 through 24 of this Complaint.

34. Plaintiff engaged in FLSA protected activity by complaining about Defendant's tip pool violation and/or her reasonable good faith belief Defendant was violating the FLSA via the inclusion of Ms. Bell in the tip pool.

35. Defendant was aware of Plaintiff's protected activity constituting the objection to the FLSA violation.

36. Defendant unlawfully and willfully retaliated against Plaintiff by terminating her employment in violation of 29 U.S.C. § 215(a)(3).

37. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer: lost wages in the form of lost back pay and lost front pay, lost benefits and entitlements, damage to her career and reputation, personal humiliations, mental anguish, emotional distress, and loss of enjoyment of life.

38. Plaintiff has retained the services of The Law Office of Massey & Duffy and has promised to pay said law firm reasonable attorney's fees and costs for which Defendant is liable pursuant to the statutory provisions under 29 U.S.C. § 216.

WHEREFORE, Plaintiff demands judgment against Defendant, for damages and equitable relief including but not limited to lost back pay, lost front pay, lost benefits, lost benefits and any other lost economic damages; non-economic damages including emotional distress and mental anguish, damages to career and reputation, personal humiliation, and loss of enjoyment of life; liquidated damages; attorneys' fees and costs under 29 U.S.C. § 216; prejudgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury with respect to all issues, counts, claims, controversies and damages so triable.

Dated: June 13, 2018

Respectfully submitted,

/s/ Michael Massey

---

Michael O. Massey, Esq.
Florida Bar No. 153680
MASSEY & DUFFY, PLLC
855 East University Avenue
Gainesville, Florida 32601
Telephone: (352) 505-8900
Fax: (352) 414-5488
Email:Massey@352law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KAREN DRAKE,
on behalf of herself and
all other similarly situated,

       Plaintiff,

v.                        CIVIL ACTION NO.:

                          JURY TRIAL DEMANDED

CENTRAL FLORIDA
GAMING LLC, D/B/A
OXFORD DOWNS POKER
ROOM

       Defendant.
_____/

## CONSENT TO JOIN FORM

I consent to join the above titled FLSA collective action to recover my unpaid wages, overtime and/or all other damages as allowed by the FLSA. I choose to be represented in this matter by the named plaintiff and counsel, Law Office of Massey & Duffy, PLLC in this action.

Print Name: _____Karen Drake_____

Signature: _____Karen Drake_____

Date Signed: _____6/4/18_____

Ex. 1