UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| KAREN DRAKE,<br>    Plaintiffs,<br><br>v.<br><br>CENTRAL FLORIDA GAMING,<br>LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.:   5:18-cv-302-JSM-PRL<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT
AND STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff, Karen Drake ("Plaintiff"), and Defendant, Central Florida Gaming ("Defendant"), by and through their undersigned counsel, hereby move for approval of the parties' Settlement Agreement and dismissal of Plaintiff's claims with prejudice, stating as follows:

1. Plaintiff filed the Complaint in this case on June 18, 2018, seeking relief under the Fair Labor Standards Act ("FLSA").

2. A bona fide dispute existed between the parties, as the Plaintiff claimed Defendant's Tip Pool was invalid and that it retaliated against her, and the Defendant denied those allegations that that it violated the FLSA.

3. The parties engaged in the early exchange of information and participated in a mediation before the U.S. Magistrate Judge. During the mediation the parties reached an adequate and fair resolution of the claims.

4. Plaintiff and Defendant jointly submit that the settlement reached herein is fair and reasonable. Moreover, because the Court was acting in its role as mediator during when the settlement was reached, the Court is aware of the terms of the settlement and that it is fair and reasonable.

5. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

6. In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendant to resolve Plaintiff's claim for fees under the FLSA, are fair and reasonable, from the amounts for Plaintiff's underlying claims; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## **MEMORANDUM OF LAW**

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the

litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the parties jointly submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in their settlement agreement. After exchanging information and records, and in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiff receiving a recovery acceptable to her in light of the potential hurdles in proving her case. The Plaintiff has been advised that if she proceeds in this matter, she may prove all of the damages to which she claims entitlement, and also receive an equal amount in liquidated damages, or a jury may choose to credit the employer's position, and she may receive a lesser, or no, recovery. In light of this uncertainty, as well as the possibility of protracted litigation, Plaintiff has agreed that the sum she is receiving in this settlement constitutes a reasonable an informed compromise of his claims.

The compromise agreed upon by the parties resolves all of Plaintiff's claims. Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by competent counsel with experience in labor and employment law and Defendant also has been represented by experienced counsel. In addition to the settlement agreement signed by the parties at the mediation, of which the Court is aware, the Plaintiff has executed the attached release. Aside from this release,

there are no other settlement agreements (or other agreements) between the parties other than what was signed at the mediation.

WHEREFORE, Plaintiff and Defendant jointly request that the settlement reached at mediation be approved, with this case being dismissed with prejudice except that the Court retain jurisdiction to enforce the terms of the settlement.

Dated: October 31, 2018

/s/ Michael Massey
Michael Massey
Massey & Duffy, PLLC
massey@352law.com
855 E. Univ. Avenue
Gainesville, Florida 32601
FBN 153680


/s/ Robert W. Batsel
McClellan & Batsel P.A.
P.O. Box 2530
Ocala, FL 34478
Phone(352) 622-3252
Fax(352) 622-8310
rbatsel@mcbatlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above has been served on counsel for all parties by filing the same with the Court's electronic filing system on this October 31, 2018.

By /s/ Michael Massey
Michael Massey
Massey & Duffy, PLLC