# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

KAREN DRAKE,

    Plaintiff,

v.                                                                                             Case No: 5:18-cv-302-Oc-PRL

CENTRAL FLORIDA GAMING, LLC

    Defendant.

## ORDER

This Fair Labor Standards Act ("FLSA") matter is before the Court on the parties' joint motion for approval of settlement.[1] (Doc. 17). The Court must determine whether the settlement between Plaintiff, Karen Drake, and Defendant, Central Florida Gaming, LLC, is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act (FLSA) issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

### I.    Legal Standards

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." 679 F.2d at 1353.

---

[1] The parties previously consented to jurisdiction by the U.S. Magistrate Judge. (Doc. 15).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

**II.    Discussion**

The parties participated in a settlement conference on October 23, 2018 and agreed to resolve their claims by settlement. (Doc. 17). Defendant will pay a total of $21,600, which includes 1) $400 for Plaintiff's illegal tip pool claim, 2) $17,500 for her retaliation claim, and 3) $3,500 in attorney's fees and costs. In addition, the parties negotiated a separate release of all additional claims not currently pending for $100 and a confidentiality agreement for $100. (Doc. 17-1).

The parties were represented by experienced counsel, and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records. The parties have determined that it is in their respective best interest to conclude the dispute and issues alleged by a fair, full and complete payment and satisfaction of the claims of Plaintiff, without continuing this lawsuit. The parties agree that that the settlement is fair and reasonable.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No. 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $3,500 for attorney's fees and costs appears to be reasonable.[2]

Finally, with respect to the release of non-FLSA claims, the Court finds persuasive other cases from around the district that approve of such general releases where the release is supported by separate consideration and does not diminish plaintiff's recovery on the FLSA claims. *See, e.g., Middleton v. Sonic Brands, LLC*, No. 6:13-cv-386, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving of separate release supported by $100 in consideration and citing additional cases). Because Plaintiff received a reasonable settlement of her FLSA claims and because the general release is supported by separate, adequate consideration, the release of claims not pending does not render the agreement unfair.

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

### III. CONCLUSION

Accordingly, the joint motion to approve the settlement agreement is **GRANTED**. The settlement agreement is **APPROVED**; and this case is **DISMISSED with prejudice**. The clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Ocala, Florida on November5, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties